DAVID H. KRAMER, State Bar No. 168452
BART E. VOLKMER, State Bar No. 223732
JACOB T. VELTMAN, State Bar No. 247597
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
dkramer@wsgr.com

*Attorneys for Defendant Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GARY BLACK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | No. C 10-02381 CW <br><br> **DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Hearing Date: August 12, 2010 <br> Hearing Time: 2:00 p.m. <br> Courtroom: 2 <br> (Hon. Claudia Wilken) |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................1

STATEMENT OF ISSUES ....................................................................................................1

MEMORANDUM OF POINTS & AUTHORITIES..............................................................1

INTRODUCTION...................................................................................................................1

STATEMENT OF FACTUAL ALLEGATIONS ..................................................................2

    A.    Defendant Google Inc. ..............................................................................2

    B.    Plaintiffs Gary Black And Holli Beam-Black. ..........................................2

    C.    Plaintiffs' Allegations. ...............................................................................3

ARGUMENT ..........................................................................................................................3

    A.    The Legal Standard For Motions To Dismiss...........................................3

    B.    Plaintiffs' Claims Are Barred By The CDA. ............................................4

        1.    Google Is A Provider Of An "Interactive Computer Service.".......5

        2.    Plaintiffs Seek To Hold Google Liable For Information Provided By "Another Information Content Provider."................6

        3.    All Of Plaintiffs' Claims Seek To Treat Google As The "Publisher or Speaker" Of Third-Party Content...........................7

    C.    Plaintiffs Fail To State A Claim For Relief. .............................................9

        1.    Plaintiffs Fail To State A Claim For "Breach of Authority."........9

        2.    Plaintiffs Fail To State A Claim For Breach Of Contract. ..........10

        3.    Plaintiffs Fail To State An FTC Act Claim..................................10

        4.    Plaintiffs Fail To State A Negligence Claim................................11

        5.    Plaintiffs Fail To State A Claim For Misrepresentation.............11

        6.    Plaintiffs Fail To State A Claim For Intentional Infliction Of Emotional Distress................................................................12

CONCLUSION .....................................................................................................................13

# TABLE OF AUTHORITIES

**Page**

### CASES

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003)..................................................................4

*Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980 (10th Cir. 2000).................................................................................................................................8

*Bonner v. Redwood Mortg. Corp.*, Case No. 10-00479 WHA, 2010 WL 1267069 (N.D. Cal. Mar. 29, 2010) ..................................................................13

*Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119 (9th Cir. 2003)....................*passim*

*Carlson v. Coca-Cola Co.*, 483 F. 2d 279 (9th Cir. 1973) ..............................................9

*Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790 (2006) .................................8, 13

*Dimeo v. Max*, 433 F. Supp. 2d 523 (E.D. Pa. 2006), *aff'd*, 248 Fed. Appx. 280 (3d Cir. 2007) ......................................................................................................8

*Doe v. Am. Online, Inc.*, 783 So.2d 1010 (Fla. 2001).......................................................8

*Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008) .......................................................5

*Donato v. Moldow*, 865 A.2d 711 (N.J. Super. A.D. 2005) ...........................................8

*Dreisbach v. Murphy*, 658 F.2d 720 (9th Cir. 1981).......................................................9

*Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816 (2002) .........................................................8

*Glassey v. Amano Corp.*, Case No. C-05-01604 RMW, 2006 WL 889519 (N.D. Cal. March 31, 2006) ............................................................................9

*Goddard v. Google, Inc.*, Case No. 08-cv-2738, 2008 WL 5245490 (N.D. Cal. Dec. 17, 2008).................................................................................................*passim*

*Green v. Am. Online*, 318 F.3d 465 (3d Cir. 2003) ....................................................7, 8

*Hughes v. Pair*, 46 Cal.4th 1035 (2009).......................................................................12

*Jane Doe One v. Oliver*, 755 A.2d 1000 (Conn. Super. Ct. 2000)..............................7, 8

*Jurin v. Google Inc.*, -- F. Supp. 2d --, 2010 WL 727226 (E.D. Cal. Mar. 1, 2010).................................................................................................................5, 6, 8

*Langdon v. Google Inc.*, 474 F. Supp. 2d 622 (D. Del. 2007) ...................................5, 6

*Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242 (2006)...................................6

*Mulato v. WMC Mortg. Corp.*, Case No. 09-03443 CW, 2010 WL 1532276
 (N.D. Cal. Apr. 16, 2010) ................................................................................ 10, 11, 13

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th
 Cir. 2009) ................................................................................................................5, 6

*Novak v. Overture Servs., Inc.*, 309 F. Supp. 2d 446 (E.D.N.Y. 2004)......................5, 6

*Parker v. Google, Inc.*, 422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd*, 242
 Fed. Appx. 833 (3d Cir. 2007) ................................................................................5, 7

*Parker v. Google, Inc.*, Case No. 06-3074, 2007 WL 1989660 (3d Cir. July
 10, 2007)......................................................................................................................8

*PatentWizard, Inc. v. Kinko's, Inc.*, 163 F. Supp. 2d 1069 (D.S.D. 2001).....................8

*Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992) .........................................................3, 4

*Prickett v. InfoUSA, Inc.*, 561 F. Supp. 2d 646 (E.D. Tex. 2006).................................7

*Ramey v. Darkside Prods., Inc.*, Case No. 02-730, 2004 WL 5550485
 (D.D.C. May 17, 2004) ...............................................................................................8

*Schmier v. U.S. Court of Appeals*, 279 F.3d 817 (9th Cir. 2002) .................................3

*Schneider v. Amazon.com, Inc.*, 31 P.3d 37 (Wash. Ct. App. 2001).........................7, 8

*Serv. by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807 (1996) .......................11

*Steele v. Mengelkoch*, Case No. A07-1375, 2008 WL 2966529 (Minn. Ct.
 App. Aug. 5, 2008) .....................................................................................................6

*Thornbrough v. W. Placer Unified Sch. Dist.*, Case No. 2:09-cv-02613-
 GEB-GGH, 2010 WL 2179917 (E.D. Cal. May 27, 2010) ........................... 11, 13

*Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413 (1st Cir. 2007) ..............5, 7

*White v. Lee,* 227 F.3d 1214 (9th Cir. 2002) .................................................................4

*Williams v. Sy*, Case No. C-05-00322 RMW, 2005 WL 1629930 (N.D.
 Cal. July 11, 2005).......................................................................................................9

*Zeran v. Am. Online, Inc.*, 129 F.3d 327 (4th Cir. 1997) ......................................4, 7, 8

## STATUTES

18 U.S.C. § 1365 ............................................................................................................. 9

47 U.S.C. § 230(c) ................................................................................................. *passim*

47 U.S.C. § 230(c)(1) ............................................................................................. 4, 5, 6

47 U.S.C. § 230(e)(3) ..................................................................................................... 4

47 U.S.C. § 230(f)(2) ..................................................................................................... 5

47 U.S.C. § 230(f)(3) ..................................................................................................... 6

Cal. Bus. & Prof. Code § 7090 .................................................................................... 10

Cal. Bus. & Prof. Code § 7124.6 ................................................................................. 10

Cal. Bus. & Prof. Code § 7124.6(c) ............................................................................. 10

## RULES

Fed. R. Civ. P. 12(b)(1) ......................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 2, 3, 9

Fed. R. Civ. P. 11 ........................................................................................................... 3

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 12, 2010, at 2:00 p.m., before the Honorable Claudia Wilken of the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, Defendant Google Inc. ("Google") will, and hereby does, move this Court pursuant to the Communications Decency Act, 47 U.S.C. § 230, and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing Plaintiffs' Complaint with prejudice.

The motion is based upon this Notice of Motion; the Memorandum of Points and Authorities in support thereof; the pleadings, records, and papers on file in this action, oral argument of counsel, and any other matters properly before the Court.

**STATEMENT OF ISSUES**

1. Are Plaintiffs' claims barred as a matter of law by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which immunizes any provider of an interactive computer service from liability for hosting content provided by another information content provider?

2. Do Plaintiffs' claims fail to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(b)(1)?

**MEMORANDUM OF POINTS & AUTHORITIES**

**INTRODUCTION**

This case involves an allegedly defamatory review of Plaintiffs' roofing business that was written by an unknown third party. Plaintiffs allege that Google should be responsible for the content of that review because the review can be found using a service that Google provides called Google Places. Plaintiffs' claims should be dismissed with prejudice because they are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c). That statute provides broad immunity from claims for relief that seek to treat an online service like Google as the publisher or speaker of information created by third parties. The plain text of

Section 230(c) disposes of Plaintiffs' claims because they all seek to hold Google liable for third-party content. And the cases interpreting Section 230(c) unanimously confirm that online services are immune from suit for content posted by others regardless of the labels that plaintiffs attach to their claims. Plaintiffs' Complaint also should be dismissed with prejudice because it fails to state a claim for which relief can be granted under Rule 12(b)(6) and Rule 12(b)(1).

## STATEMENT OF FACTUAL ALLEGATIONS

### A. Defendant Google Inc.

Defendant Google Inc. is a Delaware corporation headquartered in Mountain View, California that provides Internet services to the public through its website located at http://www.google.com. ¶ 6.[1] Among other things, Google operates an online directory of local businesses known as Google Places. ¶ 16.

The purpose of Google Places is "to help people make more informed decisions about where to go, from restaurants and hotels to dry cleaners and bike shops[.]"[2] Google Places contains listings for millions of hotels, restaurants, and other businesses. Listings typically contain the address and phone number of the listed business. ¶¶ 16-18. In addition, users of Google Places can write and post reviews of the businesses. *Id*.

### B. Plaintiffs Gary Black And Holli Beam-Black.

Plaintiffs Gary Black and Holli Beam-Black are California residents. ¶ 4. They allegedly operate sole proprietorships known as Cal Bay Construction and Castle Roofing. *Id*.

---

[1] Specific paragraphs of the Complaint are referred to as "¶ __."

[2] *See* http://googleblog.blogspot.com/2010/04/introducing-google-places.html.

### C. Plaintiffs' Allegations.

Plaintiffs premise all of their claims for relief on a review of their business that allegedly appeared on Google Places. They assert that someone posted the following review on October 20, 2009:

> Having had my roof re-roofed by Cal Bay Construction which is now Castle Roofing & Construction, and then finding that they did such a poor job and my roof leaked from the beginning of rains in 2008, they still have not repaired my roof and it still leaks after a year and a half. They say they will fix it but changing names from Cal bay Construction to Caslte Roofing & Construction should have tipped me off that I may never get my roof repaired. This company says it will fix my roof but all I get is excused. After 18 months you would think they would fix it. Cal Bay Construction may no longer exist but the new company Castle Roofing & Construction as the new entity needs to come out and fix my roof. I find this to be totally unsatisfactory work and would not recommend this company (Caslte Roofing & Construction) to anyone. They just do not know how to fix a bad roof job.

¶ 3.

Plaintiffs do not, and could not consistent with Rule 11, allege that Google or anyone affiliated with Google wrote the review. *Id.* And they concede that the review is "unverifiable as to [its] accuracy." ¶ 19. Nonetheless, Plaintiffs assert claims against Google for: (1) "Breach of Authority; Violation of Law"; (2) breach of contract; (3); violations of the Federal Trade Commission Act; (4) negligence; (5) misrepresentation; and (6) intentional infliction of emotional distress. ¶¶ 35-60.

## ARGUMENT

### A. The Legal Standard For Motions To Dismiss.

Under Rule 12(b)(6), a complaint should be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While the court accepts as true all material allegations in the complaint, it need not accept the truth of conclusory allegations or unwarranted inferences, nor should it accept legal conclusions as true merely because they are cast in the form of factual allegations. *Schmier v. U.S. Court of Appeals*, 279 F.3d 817, 820 (9th Cir. 2002). Thus, even though the Court is to construe the complaint liberally, such construction "'may not

supply essential elements of the claim that were not initially pled.'" *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citation omitted). When a plaintiff lacks standing to bring a claim, it is properly dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2002).

### B. Plaintiffs' Claims Are Barred By The CDA.

Section 230(c) of the CDA immunizes websites from liability for hosting content created by third parties. Section 230(c) provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The immunity encourages free speech by allowing companies to run online services without fear that they will be held liable for the speech of others. *See Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) ("Section 230 was enacted, in part, to maintain the robust nature of Internet communication and, accordingly, to keep government interference in the medium to a minimum.").[3] Section 230 is more than an affirmative defense; it provides immunity from suit in the first instance. 47 U.S.C. § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."). This protection is expansive. *See Goddard v. Google, Inc.*, Case No. 08-cv-2738, 2008 WL 5245490 (N.D. Cal. Dec. 17, 2008), at *2 ("Courts consistently have held that Section 230 provides a 'robust' immunity, and that all doubts 'must be resolved in favor of immunity.'") (citing *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003)).

---

[3] *See also Batzel v. Smith*, 333 F.3d 1018, 1027-28 (9th Cir. 2003) (In enacting Section 230, "Congress wanted to encourage the unfettered and unregulated development of free speech on the Internet, and to promote the development of e-commerce. . . . Making interactive computer services and their users liable for the speech of third parties would severely restrict the information available on the Internet. Section 230 therefore sought to prevent lawsuits from shutting down websites and other services on the Internet.").

Under the CDA, a defendant is immune from suit if: (1) it qualifies as a "provider or user of an interactive computer service"; (2) the information at issue comes from "another information content provider"; and (3) the claims asserted seek to treat the defendant as a "publisher or speaker" of the information. 47 U.S.C. § 230(c)(1). These factors are easily satisfied here. Plaintiffs' Complaint should be dismissed. *See Goddard*, 2008 WL 5245490 at *7 (dismissing claims against Google on the ground that it is immune under Section 230); *Jurin v. Google Inc.*, -- F. Supp. 2d --, 2010 WL 727226, at *5 (E.D. Cal. Mar. 1, 2010) (same); *Langdon v. Google*, 474 F. Supp. 2d 622, 631 (D. Del. 2007) (same); *Parker v. Google*, 422 F. Supp. 2d 492, 500 (E.D. Pa. 2006), *aff'd*, 242 Fed. Appx. 833 (3d Cir. 2007) (same); *Novak v. Overture Servs., Inc.*, 309 F. Supp. 2d 446, 452 (E.D.N.Y. 2004) (same).

### 1. Google Is A Provider Of An "Interactive Computer Service."

Section 230 broadly defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server[.]" 47 U.S.C. § 230(f)(2). Google meets this definition by providing a website—Google Places—that allows users to find and post information about businesses online.[4] Indeed, courts have held repeatedly that Google meets the statutory definition of an "interactive computer service." *See Parker*, 422 F. Supp. 2d at 501 ("there is no doubt that Google qualifies as an 'interactive computer service.'"); *Goddard*, 2008 WL 5245490 at *2 n.2 (N.D. Cal. Dec. 17, 2008) ("a number of courts already have determined

---

[4] *See also Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 419 (1st Cir. 2007) ("web site operators . . . are providers of interactive computer services within the meaning of Section 230."); *Carafano*, 339 F.3d at 1123 (Matchmaker.com is an interactive computer service); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (same for Consumeraffairs.com); *Doe v. MySpace, Inc.*, 528 F.3d 413, 422 (5th Cir. 2008) (same for MySpace.com).

that Google is an interactive computer service provider[.]"); *Jurin*, 2010 WL 727226 at *5 (Google "meets the definition of a protected interactive computer service").[5]

### 2. Plaintiffs Seek To Hold Google Liable For Information Provided By "Another Information Content Provider."

It is equally clear that Plaintiffs base their claims on information provided by "another information content provider." 47 U.S.C. § 230(c)(1). Section 230 defines an "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). Information is provided by *another* "information content provider" whenever the defendant did not "creat[e] or develo[p] the particular information at issue." *Carafano*, 339 F.3d at 1125. "[S]o long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process." *Id.* at 1124.

Plaintiffs do not allege that Google or anyone affiliated with Google authored the review at issue. Rather, they admit that an anonymous user posted the review. ¶¶ 19, 21. As Google played no role in creating the review underlying Plaintiffs' claims, the information was provided by another "information content provider" and Section 230(c) applies. *See, e.g., Goddard*, 2008 WL 5245490 at *3 (N.D. Cal. Dec. 17, 2008) ("providing third parties with neutral tools to create web content is considered to be squarely within the protections of § 230"); *Nemet Chevrolet*, 591 F.3d at 258 (complaints posted by third parties to Consumeraffairs.com triggered Section 230(c) because they were provided by another information content provider);

---

[5] *See also Steele v. Mengelkoch*, Case No. A07-1375, 2008 WL 2966529, at *2 (Minn. Ct. App. Aug. 5, 2008) (Google is eligible for Section 230(c) immunity); *Novak*, 309 F. Supp. 2d at 452 (same); *Langdon*, 474 F. Supp. 2d at 631 (same); *cf. Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242, 1254 (2006) (affirming order requiring plaintiff to pay Google's attorneys fees incurred in defending claims barred by Section 230(c)).

*Prickett v. InfoUSA, Inc.*, 561 F. Supp. 2d 646, 652 (E.D. Tex. 2006) (same for user-submitted listing in online business directory); *Universal Commc'n*, 478 F.3d at 415, 421 (1st Cir. 2007) (same for "defamatory postings made under pseudonymous screen names on an Internet message board"); *Schneider v. Amazon.com, Inc.*, 31 P.3d 37, 42-43 (Wash. Ct. App. 2001) (2001) (same for user-submitted book reviews on Amazon.com); *Parker*, 422 F. Supp. 2d at 501 (same for message board postings archived by Google); *Carafano*, 339 F.3d at 1125 (same for unauthorized profile on Internet dating website); *Zeran*, 129 F.3d at 330 n.2 (same for "offensive messages" posted on America Online).

### 3. All Of Plaintiffs' Claims Seek To Treat Google As The "Publisher Or Speaker" Of Third-Party Content.

Plaintiffs' claims for relief are barred by Section 230's robust immunity because each seeks to treat Google as the "publisher or speaker" of content created by a third party. In similar circumstances, other courts have had no trouble dismissing on Section 230(c) grounds the very claims for relief that Plaintiffs assert here:

- **Breach of Contract:** Plaintiffs obliquely allege that Google failed to enforce properly its Terms of Use by allowing the third-party review at issue to be accessed on the Google Places service. ¶¶ 43-45. Courts have rejected nearly identical claims against online services generally and Google in particular based on CDA immunity. *See Green v. Am. Online*, 318 F.3d 465, 470 (3d Cir. 2003) (CDA bars breach of contract claim alleging that AOL failed to enforce its Terms of Use concerning allegedly harmful online messages created by third parties); *Goddard*, 2008 WL 5245490 at *5 (N.D. Cal. Dec. 17, 2008) (CDA bars breach of contract claim alleging that Google failed to enforce its content policy to protect the plaintiff from third-party content). Plaintiffs' breach of contract claim is not any different and should suffer the same fate. *See Schneider*, 31 P.3d at 42 (holding that breach of contract claim asserted against Amazon was barred by the CDA because Section 230 "does not limit its grant of immunity to tort claims"); *Jane Doe One v. Oliver*, 755 A.2d 1000, 1004 (Conn. Super. Ct. 2000) (striking claim for breach of contract against AOL as barred by the CDA).

- **Unfair Competition:** While the contours of Plaintiffs' unfair competition claim are unclear, the basis for liability stems from a review created by a third party. It is therefore properly dismissed even if packaged as an unfair

competition claim. *See Goddard v. Google*, Case No. 08-cv-2738, 2008 WL 5245490, at *5 (N.D. Cal. Dec. 17, 2008) (rejecting plaintiff's attempt to avoid Section 230(c) by asserting a hodgepodge of claims under the label "unfair competition"); *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 836 (2002) (unfair competition claim premised on content provided by a third party barred by Section 230(c)).

- **Negligence:** Courts uniformly have rejected claims against online services that were based on their alleged negligent treatment of content created by third parties. *See Parker v. Google, Inc.*, Case No. 06-3074, 2007 WL 1989660, at *4 (3d Cir. July 10, 2007) (affirming dismissal of negligence claim against Google based on Section 230(c) concerning online messages created by a third party); *Goddard*, 2008 WL 5245490 at *5 ("Plaintiff's . . . negligence claims . . . are barred because they would hold Google responsible for third party content"); *Gentry*, 99 Cal. App. 4th at 833-35 (rejecting plaintiff's attempt to "plead around" Section 230(c) by bringing a claim for negligence); *Carafano*, 339 F.3d at 1124; *Green*, 318 F.3d at 469-72; *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 986 (10th Cir. 2000); *Zeran,* 129 F.3d 327; *PatentWizard, Inc. v. Kinko's, Inc.*, 163 F. Supp. 2d 1069, 1072 (D.S.D. 2001); *Doe v. Am. Online, Inc.*, 783 So.2d 1010, 1013-17 (Fla. 2001); *Jane Doe One*, 755 A.2d at 1004. The result should be the same here.

- **Misrepresentation:** Plaintiffs claim that Google engaged in misrepresentation by allowing the review at issue to be accessed through Google Places. That claim fares no better than Plaintiffs' others under a Section 230(c) analysis and also should be dismissed. *See Jurin*, 2010 WL 727226 at *5 (Section 230(c) bars fraud claim arising from advertisements provided by third parties); *Ramey v. Darkside Prods., Inc.*, Case No. 02-730, 2004 WL 5550485, at *1 (D.D.C. May 17, 2004) (same); *Schneider*, 31 P.3d at 39 (Section 230(c) bars negligent misrepresentation claim concerning anonymous reviews posted to the Amazon.com website).

- **Intentional Infliction of Emotional Distress**: Section 230(c) also bars intentional infliction of emotional distress claims when they are asserted against online services concerning material created by third parties. *See Dimeo v. Max*, 433 F. Supp. 2d 523, 532 (E.D. Pa. 2006), *aff'd*, 248 Fed. Appx. 280 (3d Cir. 2007) (Section 230(c) bars intentional infliction of emotional distress claim concerning third-party posts to the defendant's website); *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 807 (2006) (Section 230(c) bars intentional infliction of emotional distress claim concerning third-party email messages sent using the defendant's computer system); *Donato v. Moldow*, 865 A.2d 711, 719 (N.J. Super. A.D. 2005) (Section 230(c) bars intentional infliction of emotional distress claim concerning third-party posts to the defendant's online message board).

The law has advanced to the point where every single one of Plaintiffs' claims for relief has been considered and serially rejected based on Section 230(c). There is no basis to depart from that judicial consensus.

### C. Plaintiffs Fail To State A Claim For Relief.

In addition to be being barred by Section 230(c), Plaintiffs' factual allegations fail to state any claim for relief under Rule 12(b)(6) and Rule 12(b)(1).

#### 1. Plaintiffs Fail To State A Claim For "Breach of Authority."

Plaintiffs' first claim for relief is a hodgepodge entitled "Breach of Authority; Violation of Law." ¶ 19. They seem to contend that Google has violated Section 5 of the FTC Act in unspecified ways when running Google Places. ¶ 38. That allegation is misguided on the merits, but fails for an even more basic reason: Plaintiffs lack standing to bring claims under the FTC Act. *See Carlson v. Coca-Cola Co.*, 483 F. 2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission."); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) ("This circuit has held that private litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by § 5(a)(1). The Act rests initial remedial power solely in the Federal Trade Commission."). Plaintiffs, as private citizens, also lack standing to assert a violation of 18 U.S.C. § 1365, a federal criminal statute that prohibits tampering with consumer products. *See Glassey v. Amano Corp.*, Case No. C-05-01604 RMW, 2006 WL 889519, at *3 (N.D. Cal. March 31, 2006) (dismissing all claims under Title 18 because "[p]rivate parties generally lack standing to enforce federal criminal statutes."); *Williams v. Sy*, Case No. C-05-00322 RMW, 2005 WL 1629930, at *1 (N.D. Cal. July 11, 2005) (dismissing claims because "a private citizen does not have standing to enforce criminal laws.").

Plainitffs' claim for "Breach of Authority; Violation of Law" should be dismissed with prejudice.[6]

### 2. Plaintiffs Fail To State A Claim For Breach Of Contract.

Plaintiffs' breach of contract claim should be dismissed with prejudice because it fails to allege that Google breached any contract with them. Plaintiffs reference a portion of Google's terms of use under which users agree that they will not use Google's services to "defame, abuse, harass, stalk, threaten or otherwise violate the legal rights . . . of others." ¶ 44. The gist of Plaintiffs' contract claim appears to be that one of Google's users breached its contract with Google. If that were proven, Google might have a breach of contract claim against the user. But Plaintiffs would not have one against Google. The breach of contract claim should be dismissed with prejudice. *See Mulato v. WMC Mortg. Corp.*, Case No. 09-03443 CW, 2010 WL 1532276, at *3-4 (N.D. Cal. Apr. 16, 2010) (dismissing with prejudice breach of contract claim where the plaintiff failed to plead the existence of a contract with the defendants).

### 3. Plaintiffs Fail To State An FTC Act Claim.

Plaintiffs' third cause of action is a stand-alone claim alleging violations of Section 5 of the FTC Act. ¶¶ 47, 49. As noted above, Plaintiffs lack standing to pursue this claim and it should be dismissed with prejudice pursuant to Rule 12(b)(1).

---

[6] Plaintiffs also point to an entire article of California's Business and Professions Code. ¶ 41. That statutory regime authorizes the Registrar of Contractors to suspend or revoke the licenses of contractors "upon the verified complaint in writing of any person." Cal. Bus. & Prof. Code § 7090. The registrar must inform the public about the status of complaints lodged against contractors. Cal. Bus. & Prof. Code § 7124.6. "A complaint resolved in favor of the contractor" is not subject to disclosure by the registrar. Cal. Bus. & Prof. Code § 7124.6(c). These provisions are irrelevant here. Plaintiffs have not pled the existence of a verified complaint resolved in their favor that the registrar disclosed. And even if they had, Plaintiffs' grievance would be with the registrar, not Google.

### 4.      **Plaintiffs Fail To State A Negligence Claim.**

A valid negligence claim requires the plaintiff to plead that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) that the breach was the proximate cause of injury to plaintiff; and (4) damages. *See Mulato*, 2010 WL 1532276, at *2. Plaintiffs claim that Google owed them a duty to ensure the accuracy of any report on the Internet concerning their businesses that could be found using Google's services. They are profoundly mistaken. Courts routinely dismiss negligence claims where the relationship between the plaintiff and the defendant is too attenuated to support liability. *Id*. (rejecting claim that a bank owed an expansive duty of care to a borrower); *Thornbrough v. W. Placer Unified Sch. Dist.*, Case No. 2:09-cv-02613-GEB-GGH, 2010 WL 2179917, at *10 (E.D. Cal. May 27, 2010) (dismissing negligence claim because attorney does not owe an independent duty of care to an employee of his client). And that is the proper result here. Google operates Internet search services that allow users to find billions upon billions of pages of content created by third parties. Google does not owe an impossible-to-fulfill duty to the world to ensure that all speech on the Internet is accurate. That duty rests, if at all, with the myriad creators of that content. Plaintiffs' negligence claim should be dismissed with prejudice. *See Mulato*, 2010 WL 1532276, at *3.

### 5.      **Plaintiffs Fail To State A Claim For Misrepresentation.**

Plaintiffs' claim for fraudulent misrepresentation fails for a host of reasons. The elements of this claim are: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Serv. by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (1996). Plaintiffs contend that Google has made misrepresentations to the public about the quality of their roofing projects. ¶ 56. But that allegation does not state a fraud claim. First, the statements at issue were not made by Google, but some anonymous online commentator. ¶ 19 (alleging that

1 the review in question "is anonymous and unverifiable as to [its] accuracy"). 2 Second, Plaintiffs concede that Google is not able to verify whether the review is 3 accurate or not. *Id*. Therefore, Google could not be charged with making a 4 knowingly false statement even if the speech of an anonymous online poster were 5 somehow attributable to Google. Third, there are no allegations that Google made 6 any statement with intent to deceive Plaintiffs or induce their reliance. Fourth, 7 there are no allegations that Plaintiffs relied on any false statement made by 8 Google. Fifth, Plaintiffs do not allege that Google's statements caused them injury. 9 Plaintiffs' fraud claim is baseless and should be dismissed with prejudice.

### 6. Plaintiffs Fail To State A Claim For Intentional Infliction Of Emotional Distress.

Finally, Plaintiffs assert a claim for intentional infliction of emotional distress. They allege that Google engaged in "intentional negligence, inattentive business practices, violation of common decency, violation of law and unfair business practices for the purpose of selling advertising rather than the purpose of 'Courtesy Advertising' for businesses and professionals." ¶ 60. While this allegation is difficult to decipher, it certainly does not state a claim for intentional infliction of emotional distress. That tort requires the plaintiff to plead facts showing: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009) (quotations and citations omitted). Conduct is considered "outrageous" only when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050-51 (quotations and citations omitted). Google's provision of an online forum to which users can post business reviews does not come anywhere close to meeting that standard. Plaintiffs' intentional infliction of emotional distress claim should be

dismissed with prejudice. *See Thornbrough*, 2010 WL 2179917 at *9; *Mulato*, 2010 WL 1532276 at *4; *Bonner v. Redwood Mortg. Corp.*, Case No. 10-00479 WHA, 2010 WL 1267069, at *11 (N.D. Cal. Mar. 29, 2010); *Delfino*, 145 Cal. App. 4th at 808-16.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

Dated: July 2, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/    David H. Kramer
        David H. Kramer

Attorneys for Defendant
Google Inc.