IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BLACK and HOLLI BEAM-BLACK,<br><br>    Plaintiffs,<br><br>   v.<br><br>GOOGLE INC.,<br><br>    Defendant.<br>_____/ | No. 10-02381 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS (Docket Nos. 10 and 15) |

Plaintiffs Gary Black and Holli Beam-Black, who are proceeding pro se, plead several claims against Defendant Google Inc. related to an anonymous "online comment" on Defendant's website.  Defendant moves to dismiss their claims.  Plaintiffs oppose Defendant's motion and move for judgment on the pleadings.  The motions were taken under submission on the papers.  Having considered the papers submitted by the parties, the Court GRANTS Defendant's motion to dismiss and DENIES as moot Plaintiffs' motion for judgment on the pleadings.

BACKGROUND

Plaintiffs, who are husband and wife, allege that they are sole proprietors of Cal Bay Construction and Castle Roofing.  Both businesses appear to provide roofing services.

They allege that, on or about October 20, 2009, an anonymous

1  defamatory comment was posted on Defendant's website about Cal Bay
2  Construction.  They aver that the comment misrepresents their work
3  and has devastated their businesses.
4       According to Plaintiffs, Defendant enables any "member of the
5  general public or the Defendant, Google, Inc., . . . to post a
6  businesses name, address, and phone number upon the Defendant's
7  website then defame anonymously in review of that business."
8  Compl. ¶ 18.  Plaintiffs plead that they undertook several efforts
9  to have Defendant remove the comment.
10      Plaintiffs claim that they have been "emotionally disturbed"
11 by Defendant's conduct and that their businesses "were suffering
12 financially on a daily basis from the on line defamation."  Compl.
13 ¶ 28.  They plead six causes of action: (1) a "Breach of Authority"
14 claim for violations of 15 U.S.C. §§ 45(a) and 53(a)-(b);
15 (2) breach of contract; (3) unfair business practices and false
16 advertising in violation of 15 U.S.C. §§ 45(a)(1)-(2) and 53(a)-
17 (b); (4) negligence; (5) misrepresentation; and (6) intentional
18 infliction of emotional distress.

                              LEGAL STANDARD

20      A complaint must contain a "short and plain statement of the
21 claim showing that the pleader is entitled to relief."  Fed. R.
22 Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a
23 claim is appropriate only when the complaint does not give the
24 defendant fair notice of a legally cognizable claim and the grounds
25 on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555
26 (2007).  In considering whether the complaint is sufficient to
27 state a claim, the court will take all material allegations as true

2

and construe them in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing <u>Twombly</u>, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. <u>Id.</u> at 296-97.

## DISCUSSION

Defendant asserts that, under the Communications Decency Act of 1996 (CDA), it is immune from Plaintiffs' action and that, in the alternative, Plaintiffs fail to state claims upon which relief can be granted.

"Section 230 of the CDA immunizes providers of interactive computer services against liability arising from content created by third parties: 'No provider . . . of an interactive computer

service shall be treated as the publisher or speaker of any information provided by another information content provider.'" Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) (quoting 47 U.S.C. § 230(c); alteration in original; footnotes omitted). In enacting § 230, "Congress wanted to encourage the unfettered and unregulated development of free speech on the Internet, and to promote the development of e-commerce." Batzel v. Smith, 333 F.3d 1018, 1027 (9th Cir. 2003). As a result, "courts construing § 230 have recognized as critical in applying the statute the concern that lawsuits could threaten the 'freedom of speech in the new and burgeoning Internet medium.'" Id. (quoting Zeran v. Am. Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997)).

The statute defines an "interactive computer service" to be "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). The immunity applies to such a service "so long as it does not also function as an 'information content provider' for the portion of the statement or publication at issue." Carafano v. Metrosplash.com Inc., 339 F.3d 1119, 1123 (9th Cir. 2003). An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

4

Based on the congressional intent discussed above, courts "have treated § 230(c) immunity as quite robust, adopting a relatively expansive definition of 'interactive computer service' and a relatively restrictive definition of 'information content provider.'" Carafano, 339 F.3d at 1123. All doubts "must be resolved in favor of immunity." Roommates.Com, 521 F.3d at 1174.

A fair reading of Plaintiffs' complaint demonstrates that they seek to impose liability on Defendant for content created by an anonymous third party. They assert that their lawsuit "arises from an online comment posted upon the Google web site . . . ."[1] Compl. ¶ 1. They aver that the allegedly defamatory comment is "anonymous," id. ¶ 21, but they do not allege that Defendant was its author. Finally, they summarize their action by stating that Defendant's "business review 'courtesy advertisement' process which allows for consumer generated content is illegal and inappropriate as it manifest into allowing parties to seek revenge against businesses and professionals." Id. ¶ 34. Based on these allegations, Defendant is immune from their suit.

Plaintiffs appear to argue that CDA immunity does not apply because their claims are based on Defendant's "programming," not the third-party content. Pl.'s Br. of July 19, 2010 at 6. Plaintiffs seem to be referring to the source code underlying the services offered on Defendant's website. See Compl. ¶ 30

---

[1] Plaintiffs do not dispute that Defendant is an interactive computer service. Several other courts have recognized Defendant as such a service. See, e.g., Jurin v. Google Inc., 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010); Parker v. Google, Inc., 422 F. Supp. 2d 492, 501 (E.D. Pa. 2006).

(asserting that Defendant engaged "in the acts and practices set forth in this complaint via software programming on their web site"). In light of Plaintiffs' complaint, this argument is unavailing; they aver that their lawsuit arises from the third-party content and that their businesses suffered damage therefrom. Further, Defendant's programming does not transform it into the creator of the offending comment. Indeed, several courts have considered and rejected theories that an interactive computer service could be held liable merely because its programming facilitated the creation of the content at issue. See, e.g., Carafano, 339 F.3d at 1124-25 (concluding defendant was immune, even though "the content was formulated in response" to its questionnaire); Gentry v. eBay, Inc., 99 Cal. App. 4th 816, 833-34 (2002) (holding that plaintiffs could not avoid § 230 by attacking the structure of defendant's "safety program").

Plaintiffs also argue that Defendant could be held liable because it sponsored and endorsed the comment. However, Plaintiffs make no allegations that suggest any sponsorship or endorsement of the comment by Defendant. Even if they did, Defendant would remain entitled to immunity. Plaintiffs' attempt to depict Defendant as a sponsor or endorser of the comment is, in effect, an end-around the prohibition on treating it as the publisher or speaker of it. Such a ploy, if countenanced, would eviscerate the immunity granted under § 230. Further, even if Defendant were a sponsor or endorser, the fact remains that Plaintiffs seek to hold it liable for content generated by a third-party.

Finally, Plaintiffs contend that their claims rest on

6

Defendant's failure to provide an adequate "dispute resolution" system to resolve their concerns about the comment.  Pl.'s Br. of July 19, 2010 at 6.  Again, this argument fails because the predicate for liability remains the third-party content.  In addition, several courts have held that immunity is not vitiated because a defendant fails to take action despite notice of the problematic content.  See, e.g., Universal Commc'ns Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 420 (1st Cir. 2007) ("It is, by now, well established that notice of the unlawful nature of the information provided is not enough to make it the service provider's own speech."); Zeran, 129 F.3d at 333 ("Liability upon notice would defeat the dual purposes advanced by § 230 of the CDA."); Barrett v. Rosenthal, 40 Cal. 4th 33, 45 (2006).  Plaintiffs offer no persuasive argument that their theory presents an exception.

Accordingly, Plaintiffs' claims are barred by § 230.  Because their complaint makes clear that their action "arises from an online comment posted upon" Defendant's website, Compl. ¶ 1, any amendment would be futile and dismissal with prejudice is warranted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.  (Docket No. 10.)  Plaintiffs' action is dismissed with prejudice as barred by 47 U.S.C. § 230.  Consequently, their motion for judgment on the pleadings is DENIED as moot.  (Docket No. 15.)  The case management conference set for September 14, 2010 is VACATED.

The Clerk shall enter judgment and close the file.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: August 13, 2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GARY BLACK and HOLLI BEAM-BLACK, | Case Number: CV10-02381 CW |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. |  |
| GOOGLE INC., |  |
| Defendant. / |  |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 13, 2010, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Gary Black
101 Auld Court
Green Valley Falls, CA 94534

Holli Beam-Black
101 Auld Court
Green Valley Falls, CA 94534

Dated: August 13, 2010

Richard W. Wieking, Clerk
By: MP, Deputy Clerk