IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BLACK and HOLLI BEAM-BLACK,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOOGLE INC.,<br><br>    Defendant.<br>_____/ | No. 10-02381 CW<br><br>ORDER ON PLAINTIFFS' OBJECTION, DENYING DEFENDANT'S MOTION TO STRIKE AND DENYING PLAINTIFFS' MOTION TO STAY (Docket Nos. 28, 29 and 32) |

    Plaintiffs Gary Black and Holli Beam-Black, who are proceeding pro se, asserted several claims against Defendant Google Inc. related to an anonymous "online comment" on Defendant's website. On August 13, 2010, the Court granted Defendant's motion to dismiss, finding Plaintiffs' claims barred by the Communications Decency Act (CDA) of 1996, 47 U.S.C. § 230. On August 25, 2010, Plaintiffs filed an "objection" to the Court's August 13 Order, which Defendant has moved to strike. Plaintiffs have also filed a motion to stay the Court's judgment pending their appeal. Defendant opposes that motion.

    Read liberally, Plaintiffs' objection appears to be a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's judgment. Rule 59(e) motions are interpreted as motions for reconsideration, and are appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch.

1  Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d
2  1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).  A
3  motion for reconsideration shall not "repeat any oral or written
4  argument made by the applying party in support of or in opposition
5  to the . . . order which the party now seeks to have reconsidered."
6  Civil L.R. 7-9(c).
7       Plaintiffs' objection raises many of the same arguments they
8  made in their opposition to Defendant's Motion to Dismiss.  For the
9  reasons stated in the Court's Order of August 13, Plaintiffs'
10 action is barred by the CDA.  Plaintiffs' objection does not
11 warrant reconsideration of this ruling.
12      Further, Plaintiffs have not established that a stay of the
13 Court's decision is warranted.  A party seeking a stay must show
14 either (1) a strong likelihood of success on the merits of its
15 appeal and the possibility of irreparable harm, or (2) that serious
16 questions regarding the merits exist and the balance of hardships
17 tips sharply in its favor.  See Golden Gate Restaurant Ass'n v.
18 City and County of San Francisco, 512 F.3d 1112, 1115-16 (9th Cir.
19 2008).  These two alternatives "represent two points on a sliding
20 scale in which the required degree of irreparable harm increases as
21 the probability of success decreases."  Id. at 1116.  (citation and
22 internal quotation marks omitted).  A court must "consider where
23 the public interest lies separately from and in addition to whether
24 the applicant for stay will be irreparably injured absent a stay."
25 Id. (citation and internal quotation and alteration marks omitted).
26      Plaintiffs do not establish a strong likelihood that they will
27 prevail on their appeal or the existence of serious questions

2

regarding the merits of this case.  Without citation, Plaintiffs appear to argue that Congress did not intend to grant immunity under § 230 in circumstances involving anonymity.[1]  See Pls.' Mot. to Stay at 7.  However, there is no provision in the CDA that imposes such a limit.  Further, in Carafano v. Metrosplash.com Inc., the Ninth Circuit held that § 230 immunized an interactive computer service from liability based on an anonymous post on the defendant's website.  339 F.3d 1119, 1121 (9th Cir. 2003).  The Ninth Circuit later explained the Carafano holding as follows:

> The allegedly libelous content there -- the false implication that Carafano was unchaste -- was created and developed entirely by the malevolent user, without prompting or help from the website operator.  To be sure, the website provided neutral tools, which the anonymous dastard used to publish the libel, but the website did absolutely nothing to encourage the posting of defamatory content -- indeed, the defamatory posting was contrary to the website's express policies.  The claim against the website was, in effect, that it failed to review each user-created profile to ensure that it wasn't defamatory.  That is precisely the kind of activity for which Congress intended to grant absolution with the passage of section 230.  With respect to the defamatory content, the website operator was merely a passive conduit and thus could not be held liable for failing to detect and remove it.

Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC, 521 F.3d 1157, 1171-72 (9th Cir. 2008) (discussing Carafano).  Here, as stated above, Plaintiffs attempt to hold Defendant liable for an anonymous comment.  Thus, the CDA and Carafano preclude Plaintiffs' claims.

For the foregoing reasons, the Court DENIES (1) Plaintiffs'

---

[1] Plaintiffs also appear to assert that Google authored the disputed comment.  However, this allegation runs contrary to Plaintiffs' complaint, which states that the comment was anonymous. Compl. ¶ 19.

3

1 motion to alter or amend the Court's judgment, styled as an
2 objection (Docket No. 28); (2) Defendant's motion to strike (Docket
3 No. 29); and (3) Plaintiffs' motion to stay the Court's judgment
4 (Docket No. 32).
5     IT IS SO ORDERED.

7 Dated: September 20, 2010
   _____
8  CLAUDIA WILKEN
   United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BLACK and HOLLI BEAM-BLACK, | Case Number: CV10-02381 CW |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| GOOGLE INC., | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2010, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Gary Black
101 Auld Court
Green Valley Falls, CA 94534

Holli Beam-Black
101 Auld Court
Green Valley Falls, CA 94534

Dated: September 20, 2010

　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　　By: MP, Deputy Clerk